**U.S. Bank National Association v. Cable**

*Jill M. Wineka,* for plaintiff.
*Kathleen V. Yurchak,* for defendants.

RUEST, *J.,* August 18, 2008—Presently before the court is plaintiff's motion for summary judgment. Oral argument was held on June 20, 2008. Both parties submitted briefs. Upon consideration of the briefs, arguments, and the relevant case law, the court determines plaintiff's motion is denied.

## FACTUAL BACKGROUND

On May 5, 2006, defendant Ronald W. Cable Jr. executed a mortgage in favor of Jersey Shore State Bank for $93,700. The mortgage was recorded on May 9, 2006 in the office of the Recorder of Deeds of Centre County in mortgage book 1952, page 834. The mortgage was assigned to the Pennsylvania Housing Finance Agency and the assignment was recorded in book 1952, page 852 on May 9, 2006. The mortgage was further assigned to plaintiff and the assignment was recorded in book 2005, page 324, on February 22, 2008.

The real property subject to the mortgage is 112 Upper Coleville Road, Bellefonte, Centre County, Pennsylvania, 16823.

On the same date the mortgage was executed, May 5, 2006, defendants purchased a homeowners' insurance policy through Centre County Mutual Fire Insurance Company, P. of H. On November 29, 2006, the property was severely damaged by a fire caused by an undetermined source. Following an investigation of the fire, by letter dated January 16, 2007, defendants' insurance company denied their claim. On November 19, 2007, defendants filed a complaint against the insurance company, alleging breach of contract and bad faith. This litigation is still pending.

## PROCEDURAL HISTORY

Plaintiff initiated this cause of action by filing a complaint on February 22, 2008. Defendants filed an answer to the complaint on March 24, 2008. Plaintiff filed a motion for summary judgment on May 27, 2008.

## DISCUSSION

Defendants do not deny that, following the fire that destroyed their home, they have not made all payments to plaintiff for their mortgage on the subject property. Defendants argue, however, that the facts of this case warrant a stay of the mortgage foreclosure. "Under some circumstances, a stay or injunction against a mortgage foreclosure proceeding might be appropriate." *Signal Consumer Discount Company v. Babuscio,* 257 Pa. Super. 101, 109 n.10, 390 A.2d 266, 270 n.10 (1978). The *Sig-*

*nal* court cited an instance in which such a stay would be appropriate:

"[I]f a mortgagee and insurance company knew that a mortgagor was totally disabled, yet collusively agreed that the mortgagee would institute a mortgage foreclosure action instead of seeking payment from the insurance company, as it assured the mortgagor it would do, then a stay or injunction against the mortgage foreclosure action might be appropriate until a court could determine the validity of the mortgagor's assumpsit claim against the insurance company." *Id.*

Defendants argue this example parallels the case at bar. The court concurs. Plaintiff, the mortgagee, is aware of the fact that defendants lost their home in a fire. Plaintiff is also aware that defendants are in the midst of litigation with their homeowners' insurance company. Instead of joining their lawsuit, or seeking payment directly from the insurance company, plaintiff has instead filed a foreclosure action against defendants.

In determining whether to grant a stay the court will consider the following:

"(1) the petitioner makes a strong showing that he is likely to prevail on the merits; (2) the petitioner has shown that he will suffer irreparable injury without the requested relief; (3) the issuance of a stay will not substantially harm other parties; and (4) the issuance of a stay will not adversely affect the public interest."

The court determines defendants are likely to prevail on the merits of the present matter, once their litigation with their insurance company is resolved and they are

indemnified under the terms of their homeowners' policy. The court also determines irreparable injury would result if defendants lose their property to foreclosure due to their insurance company's actions. Although there is no longer a livable home on the property, the location and possibility of rebuilding remain, which are cognizable benefits that would be lost without the requested relief. The court further determines issuing the stay will not substantially harm plaintiff; they will merely be delayed. If defendants do not prevail against their insurance company, plaintiff can then proceed with their foreclosure action. In fact, plaintiff may be in a better position after a stay because of the drastically reduced value of the mortgaged property in its present state. If defendants do prevail against their insurance company, they will either be able to cure their default and resume making payments to plaintiff or plaintiff will be able to seek other remedies from defendants. Finally, the court determines a stay will not harm the public interest. This matter is personal to defendants and plaintiff and does not involve any significant public interests.

Based upon the foregoing discussion, the court does not reach the merits of plaintiff's motion for summary judgment.

Accordingly the following is entered:

## ORDER

And now, August 18, 2008, plaintiff's motion for summary judgment is denied. This matter is stayed pending the resolution of defendants' litigation against their insurance company.